AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*October 29, 2025*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America<br>v.<br><br>LUIS EDWARD FILIGRANA-VERGARA<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.<br><br>**4:25-mj-639** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 18, 2025 _____ in the county of _____ Montgomery _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One: 18 U.S.C. § 111(a)(1) & (b). | Count One: Assaulting, resisting, or impeding a person assisting a federal officer causing bodily injury, in violation of 18 U.S.C. § 111(a)(1) & (b).<br><br>See Attachment A, incorporated herein by reference. |

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ICE SA Eugene E. Emge
_____
*Printed name and title*

Sworn to before me and signed by telephone.

Date:  October 29, 2025

_____
*Judge's signature*

City and state:  Houston, Texas

Hon. Dena Hanovice Palermo, U.S. Magistrate Judge
_____
*Printed name and title*

# ATTACHMENT A

## COUNT ONE
*Assaulting, Resisting, or Impeding a Person Assisting a Federal Officer*

On October 18, 2025, in the Southern District of Texas, the defendant, **LUIS EDWARD FILIGRANA-VERGARA**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Victim, a GEO staff member at the Montgomery Processing Center assisting a federal officer and employee in the performance of official duties, and on account of that assistance, and caused physical contact and inflicted bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) & (b).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**LUIS EDWARD FILIGRANA-VERGARA,**

Defendant.

Case No. ___4:25-mj-639___

## Affidavit in Support of a Criminal Complaint

I, Eugene E. Emge, being duly sworn, state under oath that:

### Introduction and Agent Background

1.      I am a Senior Special Agent ("SSA") with Immigration and Customs Enforcement ("ICE") and have been employed as such for 15 years. I am assigned to the Office of Professional Responsibility ("OPR"), Resident Agent in Charge ("RAC") Houston, Texas, Office. I have nearly nine previous years of federal law enforcement experience as a United States Border Patrol ("USBP") Agent. I've attended training at the USBP Academy, the USBP Journeyman School, Criminal Investigator Training Program, and Immigration and Customs Enforcement Special Agent Training Program. I have extensive investigative experience in a diverse range of programmatic areas. Through training, education, and experience, I have become familiar with the manner in which violent crimes are committed and the efforts of persons involved in such activity.

### Purpose of Affidavit

2.      The facts in this affidavit come from my personal observations, training, and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant and

1

only intended to show that there is sufficient probable cause for the crime charged and does not set forth all my knowledge about this matter.

3.     Based on the facts as set forth in this affidavit, there is probable cause to believe that on or about October 18, 2025, **LUIS EDWARD FILIGRANA-VERGARA** committed the offense of assault of a person assisting a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

### Facts Supporting Probable Cause

4.     On October 6, 2024, **LUIS EDWARD FILIGRANA-VERGARA** entered the United States without being inspected, admitted, or paroled by an immigration officer, and was arrested by USBP, issued a Notice to Appear ("NTA"), and released on an Order of Recognizance ("OREC").

5.     On February 11, 2025, an immigration judge in Houston, Texas, ordered **LUIS EDWARD FILIGRANA-VERGARA** removed from the United States to Colombia in absentia.

6.     On June 16, 2025, the Harris County Sheriff's Office arrested **LUIS EDWARD FILIGRANA-VERGARA** for assault causes bodily injury-family member and booked him into the Harris County Jail in Houston, Texas. On July 23, 2025, the Harris County Criminal Court at Law #2 dismissed the charges and on July 25, 2025, the Harris County Jail transferred **LUIS EDWARD FILIGRANA-VERGARA** into the custody of ICE Enforcement and Removal Operations ("ERO").

7.     On October 18, 2025, GEO[1]  staff at the Montgomery Processing Center ("MPC") in Conroe, Texas, escorted **LUIS EDWARD FILIGRANA-VERGARA** to the dayroom in the Restricted Housing Unit ("RHU") to speak to an ICE ERO officer. The ERO officer attempted to

---

[1]  GEO is an ICE government contractor tasked with duties at detention facilities.

serve **LUIS EDWARD FILIGRANA-VERGARA** with a Pre-Removal Parental Interest Election, Form 71-076, and **LUIS EDWARD FILIGRANA-VERGARA** became upset. GEO staff placed **LUIS EDWARD FILIGRANA-VERGARA** in hand restraints after he became combative and uncooperative and escorted him to his cell. Once secured in the cell, GEO staff removed the hand restraints through the food tray slot. As GEO staff attempted to close the food tray slot, **LUIS EDWARD FILIGRANA-VERGARA** used his right hand to strike the GEO staff member (hereinafter "Victim") in the midsection with a pencil, breaking Victim's skin. **LUIS EDWARD FILIGRANA-VERGARA** continued to not allow the food tray slot to be closed, and additional GEO staff responded to successfully secure it.

8.    On October 18, 2025, the Conroe, Texas Police Department was contacted and Officer Brian Scott responded to the jail and spoke with Warden Randall Tate. Warden Tate showed the officer copies of photos they took for their internal investigation. Officer Scott saw a jailer shirt with a pencil marking, then a visible injury to a person's stomach. Officer Scott also saw a still frame from the video depicting the pencil stabbing and could see that Victim was clearly wearing a distinctive jailer uniform during the performance of his duties. Officer Scott asked Randall to bring the Victim out to talk to him.

9.    Officer Scott confirmed the details of the event with Victim. Officer Scott personally observed the injury to Victim and could clearly see broke the skin. Victim is a detention officer employed by GEO.

3

10.    Based on the foregoing facts, I believe that probable cause exists for the issuance of a complaint and arrest warrant for **LUIS EDWARD FILIGRANA-VERGARA** for assault of a person assisting a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

Eugene E. Emge
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me telephonically this 29th day of October 2025, and I find probable cause.

HONORABLE DENA HANOVICE PALERMO
United States Magistrate Judge
Southern District of Texas

4